## WOOD–BARKER CO. v. VAN CLIEF.

(Supreme Court, Appellate Term.  November 29, 1907.)

PRINCIPAL AND AGENT—CONTRACTS—PROOF OF AGENCY.
    Plaintiff, to recover on a contract made on behalf of defendant, must
show authority from defendant of the person making it to do so.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Wood-Barker Company against William S. Van Clief. From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Holt, Warner & Gaillard, for appellant.
Hyland & Zabriskie, for respondent.

PER CURIAM.  The plaintiff failed to show that the person with whom the oral agreement for the purchase involved in this action was made had authority from the defendant to enter into the contract, and the judgment must therefore be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

---

(56 Misc. Rep. 522.)

## NOVELTY TUFTING MACH. CO. v. HUTKOFF et al.

(Supreme Court, Appellate Term.  November 29, 1907.)

CORPORATIONS—FOREIGN CORPORATIONS—RIGHT TO SUE—STATUTORY PROVISIONS—"DOING BUSINESS IN STATE."
    General Corporation Law, Laws 1892, p. 1805, c. 687, § 15, as amended by the substituted provisions of Laws 1901, p. 1326, c. 538, provides that no foreign stock corporation other than a moneyed corporation shall do business in this state without first having procured a certificate, etc., and that no foreign stock corporation doing business in this state shall maintain any action upon any contract made by it in the state unless prior to the making thereof it shall have procured such certificate, etc.  Plaintiff was a corporation organized under the laws of another state and manufactured its products there.  It dealt with about 35 people of this state during the last eight years.  The president of the company came here once in a while as its representative, and as a rule, when coming to transact business, remained two or three days.  Sales of some of plaintiff's machines to other parties had been canceled, and the machines were transferred to defendant for the notes in suit.  There was no other evidence as to its doing business in the state.  *Held*, that plaintiff was not doing business in this state within the meaning of the statute, so as to warrant dismissal of the complaint.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 2520–2527.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Novelty Tufting Machine Company against Louis Hutkoff and another.  From a judgment of dismissal, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Douglass & Minton (Madison G. Gonterman, of counsel), for appellant.

Goldfogle, Cohn & Lind (Alfred D. Lind, of counsel), for respondents.

GILDERSLEEVE, P. J.  The plaintiff brought this action to recover upon two promissory notes for the sum of $50 each.  Defendants appeared in the action by the same attorneys, and interposed a demurrer to the complaint on the ground that it did not on the face of the complaint appear that plaintiff had legal capacity to sue, as plaintiff did not allege compliance with section 15 of the general corporation law (Laws 1892, p. 1805, c. 687), as amended by chapter 538, p. 1326, of the Laws of 1901.  The demurrer was overruled, and both defendants interposed answers, which admitted the making and indorsement of the notes sued upon.  The defendant Nathan Hutkoff by his answer put in issue due presentation, nonpayment, and notice of dishonor.  After formal proof tending to establish the liability of defendants, upon cross-examination of the president of the plaintiff corporation it was elicited that plaintiff was incorporated under the laws of the state of Wisconsin and dealt with a number of people in this state; that plaintiff dealt in the last eight years with about 35 or 36 people; that the witness traveled once in a while, and came to this state as a representative of plaintiff, and as a rule, when coming to transact business, remained as long as two or three days; that the notes in question were given in payment for some machines that had been formerly sold by plaintiff to other persons, but that the original sales were canceled, and the machines were transferred to defendants.  Upon this state of facts defendants' counsel moved to dismiss the complaint upon various grounds, including the failure to show compliance with the statute, which had been duly pleaded by defendants.  In granting the motion the trial justice said:

"I think, on the whole, that you have come squarely within the statute; that it affirmatively appears that your company [plaintiff] is a foreign stock corporation; that this contract was made in the state, and these notes were given in conformity with that contract."

We think this ruling was erroneous, for the reason that it did not appear that plaintiff corporation was doing business in the state within the meaning of the statute.  There was no proof that it had a branch office in the state, or that it stored any merchandise in the state, or that it had a bank account in the state, or any established domicile for the transaction of business within the state.  A reasonable conclusion to be drawn from the testimony is that it manufactured its machines in the state of Wisconsin, and occasionally shipped them to this state, pursuant to orders taken by agents within the state.  To bring a foreign corporation within the purview of the statute, the establishment of an agency or branch office within the state must appear.  As stated in Vaughn v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799, "the

statute contemplates a location and domicile, having an office and investment of some of its capital within the state.".

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

LEVENTRITT, J. I concur. The evidence does not sustain a finding that the plaintiff is doing business in this state. The phrase "doing business in this state" has been held to imply corporate continuity of conduct, "such as might be evidenced by the investment of capital here, with the maintenance of an office for the transaction of business, and those incidental circumstances which attest the corporate intent to avail itself of the privilege to carry on a business." Penn. Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. (N. S.) 127. In this case there is not an evidentiary fact or circumstance indicative either of action or intent on the part of the plaintiff.

ERLANGER, J., concurs.