## DOZIER *v.* STATE OF ALABAMA.

ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.

No. 105. Submitted January 25, 1910.—Decided May 31, 1910.

The protection of the commerce clause of the Federal Constitution extends beyond the strict lines of contract, and inseparable incidents of a transaction of interstate commerce based on contract are also interstate commerce.

Where, under the contract to purchase a picture, the purchaser has the option to take at a specified price the frame in which the picture shall be delivered, and both picture and frame are manufactured in and delivered from another State and remain the property of the vendor until paid for, the sale of the frame is a part of the original transaction and protected by the commerce clause of the Constitution.

The imposition of a license tax for soliciting orders for enlargements of photographs and frames on persons not having a permanent place of business in the State and keeping such articles as stock in trade is a regulation of commerce between the States and void under the commerce clause of the Federal Constitution, both as to the orders for the picture itself and as to an optional right to take, at a price specified in the contract, the frame in which the picture is delivered, and so *held* as to the license tax imposed under § 17 of the statute of March 7, 1907, of Alabama.

154 Alabama, 83, reversed.

THE facts are stated in the opinion.

*Mr. A. D. Gash* for plaintiff in error:

Congress has sole power to regulate commerce between the States. Art. I, § 8, Const. U. S. Section 17 of the

Alabama act of March 7, 1907, requiring every person who solicits orders for pictures or frames or sells or disposes of picture frames to pay a license tax in each county is an attempt to interfere with and to regulate commerce and as such is invalid as to an agent of a corporation residing out of the State. *Caldwell* v. *North Carolina*, 187 U. S. 622; *Brenan* v. *Titusville*, 153 U. S. 289; *Robbins* v. *Shelby Taxing Dist.*, 120 U. S. 489; *Asher* v. *Texas*, 128 U. S. 129; *Lyng* v. *Michigan*, 135 U. S. 161; *Crutcher* v. *Kentucky*, 141 U. S. 47; *The State Freight Tax*, 15 Wall. 232; *Brown* v. *Maryland*, 12 Wheat. 419; *Stockard* v. *Morgan*, 185 U. S. 27.

No State has a right to abridge the privileges of citizens of other States or to discriminate in its laws against the rights and privileges of citizens of the other States, Art. XIV, § 1, Const. U. S., and § 17 does discriminate against the rights and privileges of citizens of the other States.

An agent of a foreign corporation who delivers a frame to each purchaser of portraits whose contract of purchase provides that the portrait will be delivered in a suitable frame that may be accepted at factory price, who has only one frame fitted to and surrounding each portrait as it is delivered and who does not offer to sell any frame to others than those whose contract calls for the option of accepting said suitable frame and who carries no extra frames whatever, but keeps the title for his company or returns to his company any frame that is refused is engaged solely in interstate commerce. *Chicago Portrait Co.* v. *Mayor of Macon*, 147 Fed. Rep. 967; *State* v. *Coop*, 52 So. Car. 908; *City of Laurens* v. *Elmore*, 55 So. Car. 477.

The mere fact that the purchaser may refuse to accept the frame does not deprive the transaction of its qualities of interstate commerce.

*Mr. Alexander M. Garber*, Attorney General of the State

of Alabama, and *Mr. Thomas W. Martin* for defendant in error:

Although an agent from without the State cannot be convicted for soliciting orders for the enlargement of pictures because the taking of the orders therefor and the delivery thereof in pursuance of the order-contract, constituted interstate commerce, in this case as held by the state court the sale of the frames was made and completed in Alabama by the agent, after the frames were brought into the State, and while in the possession of the agent and, therefore, the transaction with respect to the frames was not *inter*state but *intra*state commerce. The conviction, therefore, should be sustained under the latter alternative in the complaint. The question has not been decided by this court. *State* v. *Montgomery*, 52 Maine, 433; *Chrystal* v. *Mayor*, 33 S. E. Rep. 810. And see also *Machine Company* v. *Gage*, 100 U. S. 676; *Emert* v. *Missouri*, 156 U. S. 296; *American Steel & Wire Co.* v. *Speed*, 192 U. S. 500; *Rearick* v. *Commonwealth of Pennsylvania*, 203 U. S. 506; *General Oil Co.* v. *Crane*, 209 U. S. 231. See also dissenting opinions in *State* v. *Coop*, 52 So. Car. 908, and *City of Laurens* v. *Elmore*, 55 So. Car. 477.

Stripped of all its technicalities, the transaction in this case resolves itself into a shipment of the picture frames by the manufacturer to its agent in another State there to be sold without any order from any person for such frames and in such cases the agents are liable in each case for the payment of the license tax. *Machine Company* v. *Gage*, 100 U. S. 676; *Emert* v. *Missouri*, 156 U. S. 296. See also *American Steel & Wire Co.* v. *Speed*, 192 U. S. 500; *General Oil Co.* v. *Crane*, 209 U. S. 212. *Rearick* v. *Pennsylvania* does not apply.

MR. JUSTICE HOLMES delivered the opinion of the court.

The plaintiff in error was convicted and sentenced to a fine on a complaint for breach of an Alabama statute of

March 7, 1907. By § 17 of that act a license tax was imposed on persons who did not have a permanent place of business in the State and also keep picture frames as a part of their stock in trade, if they solicited orders for the enlargement of photographs or pictures of any character, or for picture frames, whether they made charge for such frames or not, or if they sold or disposed of picture frames. The Chicago Crayon Company, having its only place of business in Chicago and being engaged in the business of making and enlarging portraits from photographs and in the manufacturing of picture frames, solicited orders in Alabama without paying the license tax. These orders were given in writing for a portrait of the size and kind wanted, specified the price, cash on delivery, and continued, "I understand that my portrait is to be delivered in an appropriate frame which this contract entitles me to accept at factory price." The agent of the company gave back a written acceptance, repeating the other terms of the bargain and adding, "all portraits are delivered in appropriate frames, which this contract entitled the purchaser to accept at factory prices," with particulars purporting to show that these prices were from one-third to one-half the retail or usual ones. The plaintiff in error, who also had no permanent place of business in Alabama and had paid no license tax, was an agent of the company who delivered pictures and frames and collected for them in pursuance of the agreed plan. The pictures and frames were sent to the agent and remained the property of the company until paid for and delivered. On these facts the Supreme Court of Alabama, while admitting that the dealings concerning the pictures were commerce among the States, sustained the conviction on the ground that the sale of the frames was a wholly local matter. 154 Alabama, 83.

No doubt it is true that the customer was not bound to take the frame unless he saw fit, and that the sale of it

took place wholly within the State of Alabama, if a sale was made. But as was hinted in *Rearick* v. *Pennsylvania,* 203 U. S. 507, 512, what is commerce among the States is a question depending upon broader considerations than the existence of a technically binding contract, or the time and place where the title passed. It was agreed that the frame should be offered along with the picture. The offer was a part of the interstate bargain, and as it was agreed that the frame should be offered 'at factory prices,' and the company and factory were in Chicago, obviously it was contemplated if not agreed that the frame should come on with the picture. In fact the frames were sent on with the pictures from Chicago, and were offered when the pictures were tendered, as part of a transaction commercially continuous and one, at prices generically fixed by the contract for the pictures, and by that contract represented to be less than retail or usual prices, in consideration, it is implied, of the purchase already agreed to be made. We are of opinion that the sale of the frames cannot be so separated from the rest of the dealing between the Chicago company and the Alabama purchaser as to sustain the license tax upon it. Under the decisions the statute as applied to this case is a regulation of commerce among the States, and void under the Constitution of the United States. Art. I, § 8. *Robbins* v. *Shelby County Taxing District,* 120 U. S. 489. *Caldwell* v. *North Carolina,* 187 U. S. 622. *Rearick* v. *Pennsylvania,* 203 U. S. 507.

*Judgment reversed.*