## VULCAN STEAM SHOVEL CO. v. FLANDERS.

(District Court, E. D. Michigan, S. D.  February 20, 1913.)

COMMERCE (§ 40*)—CORPORATIONS (§ 642*)—"INTERSTATE COMMERCE"—SALE OF MACHINERY LOCATED WITHIN THE STATE—FOREIGN CORPORATIONS—"CARRYING ON BUSINESS" IN STATE.

  Plaintiff, a foreign corporation, having no office, factory, or warehouse in Michigan, leased a steam shovel to a resident of that state, and, on forfeiture of the lease, plaintiff's sales manager showed the shovel to defendant, a prospective purchaser, and thereafter a contract of sale therefor was made by correspondence between defendant and plaintiff's office in Ohio. One of the provisions thereof required that plaintiff move the shovel to another point in Michigan and furnish an agent to install and test it there, and replace any defective parts, which was done. The plaintiff has never complied with Act No. 310, Pub. Acts Mich. 1907, regulating the doing of business in Michigan by foreign corporations. Held, that the transaction constituted "interstate commerce," and was valid, without plaintiff's compliance with the terms of said Act No. 310.

  Held, further, that the sale of the shovel in this state, and its subsequent installation and test, constituted a single transaction, and evidenced no purpose on the part of plaintiff to "carry on business" in Michigan, contrary to the provisions of Act No. 310, Pub. Acts Mich. 1907.

  [Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 29, 30; Dec. Dig. § 40;* Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*

  For other definitions, see Words and Phrases, vol. 1, pp. 3724–3731; vol. 1, pp. 979–982; vol. 8, pp. 7596–7597.]

At Law. Action by the Vulcan Steam Shovel Company against Walter E. Flanders. On plea in abatement. Overruled.

Miller, Smith, Paddock & Perry, of Detroit, Mich., for plaintiff.
Henry C. Walters, of Detroit, Mich., for defendant.

TUTTLE, District Judge. Plaintiff is a corporation organized and doing business under the laws of the state of Ohio, having its manufacturing plant, office, and principal place of business in the city of Toledo. It is not, nor has it ever been, authorized by law to do business in the state of Michigan. It had no office, factory, nor warehouse in Michigan, nor any representative or agent located or residing in Michigan, at the date of the negotiations for and execution of the contract set forth in the declaration. During such time plaintiff neither kept nor had for sale any goods in Detroit, or Michigan, other than the steam shovel involved in this suit. The defendant is a resident of Oakland county, in this division and district.

Prior to the negotiations with the defendant the plaintiff leased the steam shovel in question, which had been manufactured by the plaintiff, to one Elmer B. Jones, of the city of Detroit, in this division and district. This lease was executed by the plaintiff at Toledo, Ohio, and the shovel was shipped under said lease from Toledo to Detroit, and operated for a time by said Jones. Subsequently, and in June, 1910, the said Jones defaulted in his payments under the lease, and the plaintiff canceled the said lease and took possession of the shovel, and because of its size and weight allowed it to remain temporarily where it had been operated, in an excavation in the city of Detroit.

Less than 30 days elapsed from the time of such default and the retaking up to the time of the sale to the defendant.

On July 12, 1910, the sales manager of plaintiff, at the request of defendant's agent, called upon said agent at the city of Detroit with reference to the sale of a steam shovel. After some negotiations the said sales manager suggested to defendant's agent that the shovel in question might meet defendant's requirements. The sales manager of plaintiff and the agent of defendant looked at the shovel. The sales manager quoted a price on the shovel, but no agreement of any kind was reached. Later on that same day defendant wrote a letter to the company at Toledo, offering to purchase the shovel at the price quoted, and mentioning certain minor conditions in connection with the offer to purchase. This letter was received by plaintiff on July 13, 1910, and on the following day a letter was written in reply, inclosing regular form of proposal in duplicate, properly executed by the plaintiff, requesting the execution of the same by the defendant, and for the return of one copy. This contract was not signed by the defendant, and on July 18th the defendant sent to plaintiff a form of contract for the sale of the shovel, which was on the same terms as those mentioned in the correspondence and the previous contract, except that it provided for the immediate shipment of the shovel to the defendant at Orchard Lake, Oakland county, Mich., and a working test of 10 days after the arrival of the shovel, under the supervision of representatives of plaintiff, the plaintiff to bear the expense of superintending the erection of the shovel and supervising the prescribed test; plaintiff further agreeing that it would repair any defects that developed in the shovel during the test, and to furnish such new parts as might be necessary to replace those in which defects developed and in order to put the shovel in first-class working order.

On receipt of this form of contract by plaintiff, it was signed and executed through its general manager at Toledo, in duplicate; one copy thereof being returned to the defendant by mail. Plaintiff immediately began the work of removing the shovel to Orchard Lake. The shovel was a large, cumbersome affair, weighing approximately 20 tons. It was taken to Orchard Lake and to the place where it was to be used; all being within this division and district, and in the state of Michigan. Plaintiff set up the shovel on the land of the defendant. A test was made. Certain parts were repaired and replaced in order to put the shovel in a satisfactory condition according to the contract. On the 12th day of September, 1910, the defendant notified the plaintiff that he would not accept the shovel and that he held it subject to plaintiff's orders. This was done by letter mailed by the defendant from Detroit to the plaintiff at Toledo.

Owing to the difficulty in handling steam shovels, and because of their size and weight, the plaintiff in its contracts of sale agrees as an incident to such sales to erect and set up steam shovels at the places of delivery, ready for operation, and to show the purchasers how to operate same. It is the practice of the plaintiff to transact business in Michigan through traveling salesmen, who forward orders received by them to the plaintiff at Toledo for approval, acceptance, or rejection. No such traveling salesman has power to close any

contract without submitting it to the home office of the plaintiff at Toledo for final action thereon. The plaintiff also occasionally transacts business direct with customers in Michigan, by correspondence with prospective purchasers of steam shovels. These two methods of doing business were the only ones used by the plaintiff prior to and at the time of the contract of sale with defendant hereinbefore set forth, and are still the only methods employed by the plaintiff in making sales in Michigan.

Plaintiff has filed its declaration for the recovery of damages arising from defendant's refusal to accept the shovel. Defendant files his plea in abatement, urging that the plaintiff was carrying on business in this state without complying with the provisions of Act No. 310 of the Public Acts of Michigan for the year 1907, which makes it unlawful for any foreign corporation to carry on business in this state before securing a certificate of authority for that purpose. Plaintiff replies that it was not necessary to secure a certificate in order to transact the business in question and maintain this suit. Plaintiff should be sustained in its contention, which is twofold.

First. The transaction involved in this suit is interstate commerce, and therefore no certificate was necessary. The lease between Jones and the plaintiff and the bringing of the shovel into this state was interstate commerce. The court is satisfied that this sale to the defendant stands on no different basis than it would if the original shipment to Jones had been on a contract for sale which for some reason had been forfeited, instead of on a contract for lease. Sioux Remedy Co. v. Cope, 28 S. D. 397, 133 N. W. 683 (1911); Butler Bros. Shoe Co. v. U. S. Rubber Co., 156 Fed. 1, 84 C. C. A. 167; International Text-Book Co. v. Pigg, 217 U. S. 107, 30 Sup. Ct. 481, 54 L. Ed. 678, 24 L. R. A. (N. S.) 493, 18 Ann. Cas. 1103. The original shipment of the shovel into this state being interstate commerce, and the lease having been forfeited, the plaintiff had a right to sell it to the defendant here in Michigan, and by so doing was not doing business in this state, and did not violate Act No. 310 of the Public Acts of 1907.

It would be unreasonable for the court to hold that the plaintiff could have shipped the shovel back to its factory in Ohio, and then reshipped it under interstate commerce to the defendant in this state, but could not move it direct within the state, without violating the Michigan statute. Novelty Tufting Machine Co. v. Hutkoff, 56 Misc. Rep. 522, 107 N. Y. Supp. 88; Penn Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. (N. S.) 127. Nor can the defendant fairly claim that the incidental work of moving this shovel from its location in Detroit to Orchard Lake, and its installation and test there, and the replacing of necessary parts, was carrying on business in this state. These acts were mere incidents of the contract of sale and part of the interstate commerce transaction.

The facts differentiate this case from cases where a contract provides for repairs by a foreign corporation on a machine in use by the other party, such as in Haughton Elevator Co. v. Candy Co., 156 Mich. 25, 120 N. W. 18, in which case the plaintiff agreed to install not only a new elevator, but also agreed to repair another elevator owned by the defendant and not manufactured, sold, or shipped by the plaintiff. Buffalo Refrigerating Mach. Co. v. Penn H. & P. Co., 178 Fed. 705, 102 C. C. A. 196; U. S. v. U. S. Fidelity Co.

(C. C.) 178 Fed. 721; Dozier v. State of Alabama, 218 U. S. 124, 30 Sup. Ct. 649, 54 L. Ed. 965, 28 L. R. A. (N. S.) 264.

Second. The transaction in suit was a single one, and evidenced no purpose on the part of plaintiff to carry on business in this state, and therefore no certificate was required. Neyens v. Worthington, 150 Mich. 580, 114 N. W. 404, 18 L. R. A. (N. S.) 142; Oakland Sugar Mill Co. v. Wolf Co., 118 Fed. 239, 55 C. C. A. 93; Cooper Mfg. Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739, 28 L. Ed. 1137.

It therefore follows that the plea in abatement must be overruled and denied.