### CHICAGO PORTRAIT CO. v. CITY OF BELLINGHAM et al.

(District Court, W. D. Washington, N. D.   October 27, 1920.)

No. 207.

1. **Injunction** &#x25;85(2)—May test validity of penal laws.
   The validity of penal laws may be tested by injunction.

2. **Commerce** &#x25;40(2)—Sale of frames held interstate commerce, not subject to license.
   Where a nonresident corporation, through its agent, took orders for portraits to be enlarged at stated prices and to be delivered in frames, which the customer might purchase at a reasonable price, fixed by the portrait company, or might refuse to purchase, the purchase of the frames was a part of the transaction, and a city ordinance requiring a license for the transaction of such business was invalid, as imposing a burden on interstate commerce.

In Equity.   Suit for injunction by the Chicago Portrait Company against the City of Bellingham and others.   Injunction granted.

Will J. Griswold, of Bellingham, Wash., for complainant.

T. D. J. Healy, of Bellingham, Wash., City Atty., for defendants.

NETERER, District Judge.   The Chicago Portrait Company, having its only place of business in Chicago and being engaged in the business of making and enlarging portraits from photographs and in manufacturing of picture frames, solicited orders in the city of Bellingham, state of Washington, without paying the license tax provided by the city ordinance.   Its agent was arrested, and further arrest was threatened, and an injunction is sought against the defendant city for interfering with the complainant's constitutional right.

[1] Validity of penal laws may be tested by injunction.   St. Louis, Iron Mountain & Sou. Ry. Co. v. Williams et al., 251 U. S. 63, 40 Sup. Ct. 71.

[2] The orders taken by the complainant's representative were in writing, for a portrait of the size and kind wanted, which specified the price, cash on delivery, and further provided, "The above price is without frame or glass," and continued:

"This order is given you upon the further condition that your company will deliver the portrait so ordered in a suitable frame, which the undersigned is entitled to accept upon payment of a reasonable price if the frame is satisfactory.   In the event the undersigned does not accept this frame and pay for same, it is to be delivered forthwith to your company's deliveryman."

The agent of the company gave back a written acceptance.   The pictures and frames were to be sent to the agent at Bellingham, and remained the property of the company until delivered and paid for.   It is manifest from this order, as well as the testimony, that there was no obligation on the part of the purchaser to take the frame.

A similar case was before the Supreme Court in Dozier v. Alabama, 218 U. S. 124, 30 Sup. Ct. 649, 54 L. Ed. 965, 28 L. R. A. (N. S.) 264.

&#x25;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The only difference in that case and this case is that the price of the frames was "at factory prices," while in the instant case it is a "reasonable price." The agent testified:

"All these frames are made in Chicago, which is the largest market in the world. Labor and one thing or another sometimes goes up and sometimes goes down. We put a reasonable price on them—as reasonable as we could sell these frames—as reasonable as any large department store could afford to sell them."

And it is shown that the only time when the amount of price was mentioned was when the frames were delivered. In Dozier v. Alabama, supra, 218 U. S. at page 128, 30 Sup. Ct. at page 650, 54 L. Ed. 965, 28 L. R. A. (N. S.) 264, it is said:

"It was agreed that the frame should be offered along with the picture. The offer was a part of the interstate bargain, and as it was agreed that the frame should be offered 'at factory prices,' and the company and factory were in Chicago, obviously it was contemplated, if not agreed, that the frame should come on with the picture."

In the instant case the frame did come with the picture from Chicago. Continuing, the court says:

"In fact, the frames were sent on with the pictures from Chicago, and were offered when the pictures were tendered, as part of a transaction commercially continuous, and one at prices generically fixed by the contract for the pictures, and by that contract represented to be less than retail or usual prices, in consideration, it is implied, of the purchase already agreed to be made. *We are of opinion that the sale of the frames cannot be so separated from the rest of the dealing between the Chicago Company and the Alabama purchaser as to sustain the license tax upon it.* Under the decisions the statute as applied to this case is a regulation of commerce among the states, and void under the Constitution of the United States (article 1, § 8). Robbins v. Shelby County Taxing District, 120 U. S. 489; Caldwell v. North Carolina, 187 U. S. 622; Rearick v. Pennsylvania, 203 U. S. 507." (Italics ours.)

The offering of the frame was a part of the interstate bargain. The purchaser could take it or leave it.

The word "reasonable," as contradistinguished from "factory," price, does not take the instant case out of the principal announced by the Supreme Court in Dozier v. Alabama, supra, and upon the authority of that case the injunction is granted.