Supreme Court—Shepherst v. Avon-by-the-Sea.

CHARLES A. SHEPHERST, PROSECUTOR, v. BOROUGH OF AVON-BY-THE-SEA ET AL., DEFENDANTS.

Submitted January term, 1925—Decided March 12, 1925.

Municipalities—Ordinances—Soliciting Orders for Goods Without License—Defendant Solicited Orders Which Were Forwarded to Connecticut for Filling and Afterward Delivered by Him—Held, That He was Engaged in Interstate Commerce and Conviction Set Aside.

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Reilly, Quinn & Parsons*.

For the defendants, *Ward Kremer*.

PER CURIAM.

The prosecutor is a salesman for the Fuller Brush Company of Hartford, Connecticut. He was convicted for soliciting orders by sample without a license in the borough on the 7th of August, 1924, and fined $25 and costs by the recorder. The ordinance under which the conviction was had provides soliciting agents for any class of goods, wares or merchandise, a license fee each of $15. As stated, the prosecutor solicited an order for brushes, by sample, on August 7th, 1924. The testimony further shows the order for the brushes was then mailed to Hartford, Connecticut. The order was then filled at Hartford and the brushes mailed by parcel post to the prosecutor at Avon-by-the-Sea, and by him delivered to the customer. The prosecutor files seven reasons for setting aside the conviction as illegal. They all involve the one point, viz.: The conviction is illegal, because the prosecutor was engaged in interstate commerce. We think the conviction, for this reason, is illegal, and must be reversed. The case is controlled by our decision in the case

of *State* v. *Coleman*, 80 *N. J. L.* 15. In that case the present Chief Justice, speaking for this court, said that such a legislative provision is a regulation of interstate commerce is settled beyond dispute. The cases in the United States Supreme Court, so holding, are too numerous for citation. In that case a statute, it is true, was under review, while in this case it is an ordinance, but the controlling facts are identical and the principle involved the same. More recent cases in the United States Supreme Court to the same effect are *Dozier* v. *State of Alabama*, 218 *U. S.* 124; *Crenshaw* v. *Arkansas*, 227 *Id.* 389.

The judgment of conviction under review is reversed.