## SHORT FILMS SYNDICATE INC v STANDARD FILM SERVICE CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11160. Decided Jan 26, 1931

MIDDLETON, PJ, (4th Dist), CROW, J, (3rd Dist) and FARR, J, (7th Dist) sitting.

Boer, Arnold & Tobias, Cleveland, for Syndicate.

Lawrence M. Rich, Cleveland, for Service Co.

FARR, J.

From the foregoing it becomes apparent that the vital issue here is whether or not plaintiff in error was engaged in business in Ohio, or in an inter-state business.

It is conceded that the two contracts upon which recovery was had, are the same in terms except as to the identity of the films.

This cause is well briefed and well presented with many citations of cases and authorities. However, after an examination of the same the conclusion is that the issue must be determined largely upon the terms of the contracts in question and which it would not be expedient here to set out in full. A careful reading of the contract attached to the petition, discloses that, that which the plaintiff in error engaged to do is, that it lease to defendant in error the positive prints of certain picture films, for a period of five years; the same to be exhibited in a number of places within and without Ohio.

The terms of the contract provide that these prints are deliverable payable in advance in New York funds or to be shipped

C. O. D. to lessee, F. O. B. laboratory. In addition to the foregoing, the lessor was to supply the lessee with certain advertising matter and accessories such as it carried in stock payable practically upon the same terms as the prints.

A lien is retained by lessor for the unpaid rentals; lessee to be protected in the exclusive exhibition of the films as far as might be necessary; lessor to use its good office to secure the approval of any films which might be rejected by the Board of Censors.

The foregoing is substantially what the lessor is obligated to do under the terms of the contract which was signed either in the city of New York, or Ohio, or elsewhere, and it is not material where it was signed. The lessee agreeing to pay the lessor a certain sum for each film and also a certain percentage of the amount realized from the exhibition of such films. Lessor did not engage to perform, nor has it performed any duties in this behalf in the State of Ohio, all its activities are identified with and confined to its New York office.

It is urged by defendant in error that this arrangement contravenes the provisions of 178 GC, which reads as follows:.

"Before a foreign corporation for profit transacts business in this state, it shall procure from the secretary of state a certificate that it has complied with the requirements of law to authorize it to do business in this state, and that the business of such corporation to be transacted in this state is such as may be lawfully carried on by a corporation, organized under the laws of this state for such or similar business, or if more than one kind of business, by two or more corporations so incorporated for such kinds of business exclusively. No such foreign corporation doing business in this state without such certificate shall maintain an action in this state upon a contract made by it in this state, until it has procured such certificate. This section shall not apply to foreign banking; insurance, building and loan, or bond investment corporations."

That by reason of such violation that it comes within the provisions of 187 GC which reads as follows:

"A foreign corporation which has violated such preceeding sections shall not maintain an action in this state upon contract made by it in this state, until it has complied with the requirements of such sections and procured the requisite certificate from the secretary of state."

There are certain exceptions to the foregoing as set out in §188 GC one of which provides,—

"or other corporations engaged in Ohio in interstate commerce."

It is suggested that the terms of the foregoing are comewhat in conflict with §5503 GC which need not, however, be determined for the present purpose.

It is sufficient in this connection, and as before stated, to determine whether or not the lessor is engaged in business in Ohio or in interstate commerce. If engaged in business in Ohio, then it is contended that the contracts are not necessarily void but voidable, and that a suit might be brought to enforce these contracts after a certificate be obtained to do business in Ohio. This, however, is not of importance because of the conclusion reached in this case.

In **Vaccine Co. v Redman, 28 O. D. 4,** a case decided by Judge Kinkade of the Franklin County Common Pleas Court in a carefully prepared and well considered opinion, it is held that §5508 GC does not apply to unilateral contracts and it sheds considerable light upon the controversy here, it being a case worthy of notice in this connection.

Again, in **Soap Co v Bogue, 114 Oh St 149,** the discussion in the opinion is of interest in this connection.

Likewise **List v Tobacco Co. 114 Oh St 361.**

Also the case of **Blodgett v Lanyon Zinc Co. 120 Fed. 893.**

Also **Commercial Co. v Manufacturing Co. 55 Oh St 217** is of interest.

Likewise, **Fruit Co v Armour Car Lines Co. 74 Oh St 168.**

Also Dozier v State of Alabama, 218 U. S. 128.

**Hyman v Hays, 336 Oh St 176.**

Manufacturing Co. v Colley, 247 U. S. 21.

Other cases of like import might be cited, but the foregoing is sufficient for the present purpose.

Attention is called to **State ex rel Robertson, 271 No. 475,** which is quite close to defendant in error's contention in the instant case, but the strong weight of authority is to the contrary.

A number of interesting cases are cited by defendant in error and yet each may be said to be somewhat different as to fact.

Therefore, in view of the foregoing, the conclusion is that plaintiff in error was not engaged in business in Ohio in the transaction here involved, but in interstate

business and comes within the exception of §188 GC. Its contract was not, therefore, violative of the statute in question and it follows that the judgment must be reversed and the cause remanded because contrary to law and the evidence.

MIDDLETON, PJ, and CROW, J, concur.