WILMER DIMMIG, PROSECUTOR, v. JOHN J. MANN, RE-
CORDER OF THE BOROUGH OF DUNELLEN, AND THE
BOROUGH OF DUNELLEN, DEFENDANTS.

THOMAS WIEGHORST, PROSECUTOR, v. JOHN J. MANN,
RECORDER OF THE BOROUGH OF DUNELLEN, AND
THE BOROUGH OF DUNELLEN, DEFENDANTS.

Submitted May 3, 1938—Decided July 7, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and
HEHER.

For the prosecutors, *Smith & Smith* (*Sylvester C. Smith,
Jr.*).

For the defendants, *Henry Handelman* and *Robert I.
Kuritsky*.

BODINE, J.   The writ brings up for review the conviction
of the two prosecutors under an ordinance of the borough of
Dunellen.   The ordinance in question provides as follows:
"It shall be unlawful for any peddler, transient merchant,
transient merchant peddler, solicitor, non-profit making ven-
dor and new merchant to sell or dispose of, or to offer to sell

or dispose of, any goods, wares or merchandise within this Municipality of the Borough of Dunellen without first obtaining a license and having paid the license fee hereinafter prescribed for the first, second or third class of licenses." The defendants were employes of the George F. Hellick Coffee Company, of Easton, Pennsylvania. Their instructions were to take orders in this state for coffee and other articles, which were then forwarded to the home office of the company. The orders, when filled, were shipped by truck to the prosecutor Dimmig in North Plainfield. He and the other prosecutor were making deliveries to their customers, of the articles previously ordered, when arrested.

Municipalities have power to regulate various public servants, "cartmen, expressmen, baggagemen, porters, common criers, hawkers, peddlers, employment agencies, pawnbrokers, junk shop keepers, junk dealers, motor vehicle junk dealers, street sprinklers, bill posters, bill tackers, sweeps, scavengers, itinerant vendors of merchandise, medicines and remedies; and the places and premises in which or at which the different kinds of business or occupation mentioned herein are conducted and carried on." *Rev. Stat.* 40:52-1.

Apparently there is no legislative authority to regulate those who solicit, in one state, orders for the sale of goods in another state. The reason the legislature has not so provided is apparent. The state and its instrumentalities may not burden interstate commerce by taxation.

The acts of the prosecutors in this case were so similar to the methods employed in soliciting orders for stockings in *Real Silk Hosiery Mills* v. *City of Portland,* 268 *U. S.* 326, that the conviction must be set aside.