**BARNES et al. v. UNITED STATES.**

**No. 10315.**

Circuit Court of Appeals, Ninth Circuit.

May 8, 1944.

649

John D. Hoyt, of Los Angeles, Cal., for appellants.

Charles H. Carr, U. S. Atty., and James M. Carter and Betty Marshall Graydon, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment of the district court finding Alfred O. Barnes and Oliver C. Rapier, Jr., guilty on all four counts of an information charging them with violating the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq.

The defendants entered a plea of not guilty. The case was tried by the court, defendants having waived a jury. A decree was entered finding them guilty as charged and fines of $50 were imposed on each defendant for violation of each count.

The defendants, Barnes and Rapier, are co-partners trading as S. O. Barnes & Son, and are engaged in the manufacture of pharmaceutical products on specification for dealers in those products. Their plant is in Gardena, California.

The first two counts of the information charged them with having given a false guaranty in violation of 21 U.S.C. § 331(h), 21 U.S.C.A. § 331(h). The first count was predicated on falsity arising out of shipping adulterated food under a guaranty. The second count was predicated on falsity arising out of misbranding. Under the statute, adulteration of food is in part defined as the omission in whole or in part of any valuable constituent of a product. 21 U.S.C. § 342(b) (1), 21 U.S.C.A. § 342(b) (1). Misbranding is in part defined as false labeling in any particular. 21 U.S.C. § 343 (a), 21 U.S.C.A. § 343(a).

In support of these charges it was alleged and found that a guaranty of the nature described in 21 U.S.C. § 333(c) (2), 21 U.S.C.A. § 333(c) (2), was executed by S. O. Barnes & Son in favor of McCollum Laboratories, Inc., of Hollywood, California, on January 2, 1941, providing that "* * * no food * * * constituting or being part of any shipment or other delivery now or hereafter made * * * will * * * be adulterated or misbranded within the meaning of the Federal Food, Drug and Cosmetic Act." It was further guaranteed "* * * that the vitamin potency of the Vitamin A & D Tablets as furnished by us to the McCollum Laboratories, shall not be below the potency" of "* * * 3000 I.U. Vitamin A per tablet" and "* * * 300 I. U. Vitamin D per tablet." It was also provided that the guaranty should be continuing and binding until revoked.

■ Under the present Act persons are subject to its penalties for introducing or delivering for introduction into interstate commerce any food that is adulterated or misbranded. 21 U.S.C. § 331(a), 21 U.S. C.A. § 331(a). But liability may be avoided if such persons have obtained a guaranty of the person from whom they in good faith received the product. 21 U.S.C. § 333(c) (2), 21 U.S.C.A. § 333(c) (2). Under such circumstances, the liability is then imposed upon the guarantor. This imposition of liability is obtained through 21 U.S. C. § 331(h), 21 U.S.C.A. § 331(h), which creates a penalty for the giving of a false guaranty. Thus under the statutory scheme the falsity described in the latter section must be defined in terms of the conduct prohibited by § 331(a).

During July of 1941 certain deliveries of vitamin tablets were made for McCollum Laboratories by defendants for delivery into interstate commerce from Gardena, California, to Portland, Oregon. The labels on the bottles containing the tablets represented their vitamin content to be 3000 I. U. of A and 300 I. U. of D. It was found that the tablets were deficient in both vitamins.

Appellants' chief contention regarding the first two counts is that they fail to charge a crime under 21 U.S.C. § 331(h), 21 U.S.C.A. § 331(h), for there is no allegation that the guaranty was false at the time of its execution and that the shipments in July of tablets not conforming to the terms of the guaranty given seven months previously cannot make false that which was made in good faith at the time of its execution.

■ We cannot agree that these counts fail to charge a violation of the statute. By the terms of the guaranty alleged and proved, it was intended to cover all deliveries of vitamin tablets to McCollum Laboratories until revoked. It was alleged and proved that no revocation had been made prior to the deliveries of the deficient tablets. Regardless of the administrative regulations relied upon by the appellee giving the exemption of 21 U.S.C. § 333(c) (2), 21 U.S.C.A. § 333(c) (2), to the holder of a continuing guaranty, 21 C.F. R. § 1.19, we believe a fair interpretation of the statute prohibiting the giving of false guaranties clearly includes an agreement between parties who intend that it shall cover each of a series of transactions. But

we agree with appellants' further contention that counts one and two merely charge one offense. Under the facts there was only one guaranty and its falsity, though by definition amounting to adulteration and misbranding, in truth arose out of the same deficiency of vitamin potency in the tablets. It is permissible to allege the commission of an offense in several separate counts, United States v. Schider, 246 U.S. 519, 38 S.Ct. 369, 62 L.Ed. 863, but if proof of guilt under each count rests upon the same facts it is error to impose separate sentences or fines for each count. Chrysler v. Zerbst, 10 Cir., 81 F.2d 975. Thus the trial court erred in levying separate fines upon defendants for the violations of both count one and count two of the information.

■ The third and fourth counts of the information charged defendants with introducing into interstate commerce a consignment of adulterated and misbranded tablets from Gardena, California, to Dr. John X. Loughran of Long Island, New York. These tablets were contained in bottles labeled Vitamin B Complex followed by representations of quantities of the various constituent elements of that vitamin complex, including 60 Gammas of B–2 (Riboflavin). It was alleged and proved that these tablets contained not more than 40 Gammas of B–2. Such a disparity between the quantity represented and the amount actually present in the tablets is obviously within the prohibition of the Act.

The fourth count alleged further that the statement "Vitamin B Complex" on the label was misleading to the consuming public for it suggested and implied that the tablets contained consequential amounts of all the elements of the complex when, in fact, these tablets had inconsequential amount of B–2 and nicotinic acid.

Appellants do not contest the drawn inference of misbranding arising out of the use of the term Vitamin B Complex, but assert that the third and fourth counts fail to charge an offense because it is clear from the label that it was designed by Dr. Loughran and therefore they cannot be liable for any direct or implied representations arising from its use. It was further asserted in their defense that they were but little better than bailees at the time of the shipment.

■ The broad language of the statute does not permit such defenses. It is di-

rected to any person who introduces or delivers for introduction into interstate commerce any food that is adulterated or misbranded. Commerce so used in the statute is not confined in meaning to the actual transportation of articles across state lines, but includes the whole transaction of which such transporting is a part, Santa Cruz Fruit Packing Co. v. National Labor Relations Board, 303 U.S. 453, 463, 58 S.Ct. 656, 82 L.Ed. 954; Dahnke-Walker Milling Co. v. Bondurant, 257 U.S. 282, 291, 42 S.Ct. 106, 66 L.Ed. 239, and it cannot be qualified or avoided by the technicalities of the law of sales regarding passing of title. Dozier v. Alabama, 218 U.S. 124, 128, 30 S.Ct. 649, 54 L.Ed. 965, 28 L.R.A.,N.S., 264. Thus even assuming appellants were but agents or bailees of the vendee at the time of delivery of the product to the carrier for shipment to New York, they nonetheless were within the purview of the Act. Lynch v. Magnavox Co., 9 Cir., 94 F.2d 883, 890. Nor can liability be avoided by one who manufactures or processes foods by the fact that the product conforms to an order and the labels describing the product are supplied by the vendee.

The purpose of the Act is the protection of the consuming public. McDermott v. Wisconsin, 228 U.S. 115, 130, 33 S.Ct. 431, 57 L.Ed. 754, 47 L.R.A.,N.S., 984, Ann.Cas.1915A, 39. Those who ship in interstate commerce products coming within the scope of its protection must do so at their peril if the standards of the Act are not observed. United States v. Dotterweich, November 22, 1943, 320 U.S. 277, 64 S.Ct. 134.

The judgment is reversed as to the conviction on the second count. Otherwise it is affirmed.

STEPHENS, Circuit Judge (concurring and dissenting).

I concur in the affirmance of the judgment pronounced by virtue of conviction under counts one, three and four of the indictment. I dissent as to the reversal of the judgment pronounced by virtue of conviction under count two of the indictment. I think the indictment states separate offenses as to counts one and two.

If I am wrong in this, and I think I am not, then I am at a loss to know by what authority this court elects to affirm the judgment under count one rather than under count two. Here are two separate con-

victions under separate counts for which the court pronounced two separate penalties. The majority state that the counts are based upon different acts. I quote from the opinion. "The first count was predicated on falsity arising out of shipping adulterated food under a guaranty. The second count was predicated on falsity arising out of misbranding." The fact that the court thought the defendants should be punished as severely for one as for the other infraction does not solve the difficulty. If the trial court had given twice the penalty under count one that it did under count two, by what token would the court decide to affirm as to one and reverse as to the other?