34 N.J. Super. 465 (1955)
112 A.2d 804
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LILLIAN KROMER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Union County Court, Law Division.
Decided March 16, 1955.
*466 Mr. Donald S. Kates, for appellant.
Mr. Carl H. Warsinski, for Township of Cranford.
FELLER, J.C.C.
This is an appeal from a judgment of conviction of the Municipal Court of the Township of Cranford pursuant to an ordinance of said township.
The provisions of said ordinance which are pertinent to this appeal are as follows:
"Section 15.01. Subject to the provisions of the Revised Statutes (45:24 - Art. 2) with respect to hawking, peddling and vending by veterans and exempt volunteer firemen; no hawkers, peddlers, canvassers, solicitors, junk dealers, or distributors of advertising shall conduct business within the Township of Cranford without a municipal license.
Section 15.02 * * * `a solicitor' is a person selling goods by sample and taking orders for future delivery by self or other means. `A canvasser' is a person who solicits orders for books, periodicals, papers, merchandise or services to be delivered or performed in the future by his principals, or who collects funds or donations.
Section 15.03 Applications for licenses shall be made to the Police Department accompanied by two identifying photographs, size 1" x 1" and by fees as follows, which fees shall be returned if license is not granted.

 Canvassers and solicitors with conveyance $10.00
 Canvassers and solicitors afoot 2.00

Section 15.04 If licenses, so applied for, are granted, each licensee shall also be issued a badge which shall show the name, nature of business, serial number of license, date of expiration, an identifying photograph, and right thumb print. A deposit of $2.00 will be required for the badge, which deposit shall be returnable on surrender of the badge. Licensees shall wear this badge on their outer clothing while engaged in business under this license.
Section 15.05 * * * for canvassers, solicitors, and advertising distributors, licenses and badges shall expire in 30 days, but shall be renewable for 30 day periods for one-half the initial fee in each case.
Section 15.10 Any person violating the terms of this chapter shall be subject to a fine of not more than $100 or imprisonment for 90 days, or both, and each day on which violation occurs shall be deemed a separate violation."
*467 On November 10, 1954 the defendant Mrs. Lillian Kromer was apprehended while attempting to solicit an order for cosmetics by calling at the home of a Cranford resident. She was a sales representative for Avon Products, Inc., a New York corporation. The merchandise that Mrs. Kromer was carrying at the time was not for sale. It was sample merchandise and if an order were secured, it would not have been filled from the sample merchandise. Such order would later have been forwarded directly to, and filled by, Avon Products, Inc. at its plant in Suffern, New York, from which shipment would be made to Mrs. Kromer for subsequent delivery to the customer.
Mrs. Kromer made no application for a license in accordance with said ordinance, and when she was apprehended on November 10, 1954 attempting to solicit an order she was without badge or license as therein provided. On November 29, 1954 the defendant was tried and found guilty and a judgment of conviction was entered and defendant was sentenced to pay a fine of $25.
Mrs. Kromer contends that she was engaged in interstate commerce at the time she was apprehended on November 10, 1954.
She further contends that:
(1) Chapted 15 of the Code of General Ordinances of the Township of Cranford was not intended to cover any transaction forming a part of interstate commerce, or
(2) if so intended, said ordinance is in contravention of the commerce clause of the United States Constitution which provides that the Congress shall have power to regulate commerce among the several states. See United States Constitution, Article I, Section 8.
In the case of Dimmig v. Mann, 120 N.J.L. 442 (Sup. Ct. 1938), orders for goods were solicited in this state by agents of a corporation of another state, which orders were forwarded to the home office and if accepted were filled and sent by truck to the agents for delivery by them to customers in New Jersey. The court held that this was a transaction in *468 interstate commerce and, therefore, a local ordinance requiring the obtaining of a license before peddlers, transient merchants, etc., could do business in the locality was inapplicable to such transaction and a conviction under the ordinance under the facts recited was invalid. See also Shepherst v. Borough of Avon-by-the-Sea, 3 N.J. Misc. 317 (Sup. Ct. 1925) and State v. Coleman, 80 N.J.L. 15 (Sup. Ct. 1910). Municipalities have the power to adopt ordinances similar to the one in question under the provisions of R.S. 40:52-1.
Apparently there is no legislative authority, however, to regulate those who solicit in one state orders for the sale of goods in another state. The reason the Legislature has not so provided is apparent. The State and its municipalities may not burden interstate commerce by taxation. Dimmig v. Mann, supra. The cases decided by the United States Supreme Court so holding are too numerous for citation. See in particular McGoldrick v. Berwind-White Coal Company, 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. 565 (1940); Nippert v. City of Richmond, 327 U.S. 416, 66 S.Ct. 586, 90 L.Ed. 760 (1946).
In determining whether a license tax on solicitors of orders for goods imposes an undue burden upon interstate commerce, it is proper to take into account the fact that it is imposed by a municipality rather than the State Legislature, thereby potentially imposing a multiple rather than a single burden. It is true that in legal theory the municipality exercises by delegation the State's legislative power and that prior decisions have not rested squarely upon any difference between a tax municipally imposed and one laid by the Legislature. But the cumulative effect, practically speaking, of flat municipal taxes laid in succession upon the itinerant merchant as he passes from town to town is obviously greater than that of any tax of state-wide application likely to be laid by the Legislature itself. It is almost as obvious that the cumulative burden will be felt more strongly by the out-of-state itinerant than by the one who confines his movements within the State or the salesman who operates within *469 a single community or in only a few communities. Nippert v. City of Richmond, supra.
Under the circumstances, it is my opinion that the defendant, Lillian Kromer, was engaged in interstate commerce at the time she was apprehended on November 10, 1954 and that chapter 15 of the Code of General Ordinances of the Township of Cranford was inapplicable to such transaction.
Therefore, the judgment of conviction of the Municipal Court of the Township of Cranford is set aside and a judgment of acquittal is entered in favor of defendant Lillian Kromer.