**UNITED STATES of America**

v.

**COLOSSE CHEESE AND BUTTER COMPANY, Inc., a Corporation, and John F. O'Mara, an Individual.**

Cr. No. 31314.

United States District Court
N. D. New York.

April 28, 1955.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Andrew J. Culick, Asst. U. S. Atty., Amsterdam, N. Y., of counsel, for the United States.

Edward F. Crawford, Jr., Oswego, N. Y., for Moving Party.

BRENNAN, Chief Judge.

The individual defendant moves for the dismissal, as to him, of a two count information which charges violation of the Federal Food, Drug, & Cosmetic Act, 21 U.S.C.A. § 331(h). The motion was made orally at the time the case was moved for trial. Oral argument was heard, briefs have been submitted and the motion is before the Court for decision.

The facts briefly stated, as charged in the information and as disclosed in the argument and in the briefs, are as follows.

The corporate defendant (who has entered a guilty plea) is engaged in the manufacture of milk products at Parish, N. Y. The individual defendant is the manager thereof and although the record does not disclose his position insofar as stock ownership is concerned, it is apparent he exercises control of the corporation. In February 1946, the information charges that a continuing guaranty was executed in the name of the corporate defendant by the individual defendant as manager. The guaranty was in the form provided in 21 U.S.C.A. § 333 (c) (2) and in effect guarantees to the purchaser that the article shipped by the seller is not adulterated or misbranded within the meaning of the Federal Food, Drug, & Cosmetic Act of the United States. The information further charges that on July 3, 1953, while the guaranty was in full force and effect, the defendants did ship to Armour's Creameries, Inc., Carthage, N. Y., on the order of the purchaser a quantity of cheese which was adulterated within the meaning of the term as defined in 21 U.S.C.A. § 342(a) (3) and (4). In effect, the charge in the information is that the defendants thereupon violated in the provisions of 21 U.S.C.A. § 331(h) in that the guaranty, above referred to, is false by reason of such shipment, the purchaser being engaged in the business of introducing cheese into interstate commerce.

The second count of the information is similar in all respects to the first count which is described above, except that the shipment was on a different date—to wit—July 13, 1953.

The moving party in effect contends that even assuming that the individual defendant by reason of his position of control of the corporation could be found guilty of introducing adulterated food into interstate commerce in violation of Sec. 331(a); that no criminal responsibility rests upon him under the provisions of 331(h) for the reasons that he did not sign the guaranty except in his representative capacity as manager of the corporate defendant and therefore no criminal responsibility may be imposed upon him.

From the facts before the Court on this motion, the defendant has construed his liability under the statute too narrowly. It seems to be settled that a continuing guaranty made in good faith and unrevoked may be made false by an adulteration of the product, in transactions occurring after its execution and delivery since it purports to cover a series of transactions rather than an individual sale. Barnes v. U. S., 9 Cir., 142 F.2d 648. It is also settled law that corporate agents may be individually criminally liable for acts done on behalf of the corporation. United States v. Bach, 7 Cir., 151 F.2d 177 at page 179; Barnes v. U. S., 9 Cir., 142 F.2d 648; U. S. v. Empire Packing Co., 7 Cir., 174 F.2d 16. The case of U. S. v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 construes and applies the provisions of the Federal Food, Drug & Cosmetic Act in a liberal manner in accordance with its manifest purpose. While it does not cover the precise point here, it in effect holds that individual liability under the criminal sanctions of the law may not be avoided by the fact that the act committed was in furtherance of the corporate business rather than in the individual personal business of the party charged. At page 281 of 320 U. S., at page 136 of 64 S.Ct. there is pointed out that the historic conception of a "misdemeanor" makes all those responsible for it equally guilty. The individual defendant was responsible for the guaranty here. His responsibility may not be avoided because he acted in the execution of the guaranty as a corporate agent. It cannot be disputed that if the individual defendant was in such control of the corporation as to constitute same his alter ego that he could escape liability. U. S. v. Dotterweich, supra, 320 U. S. at page 282, 64 S.Ct. 137. Equal responsibility however is not avoided as a matter of law even if his relationship to the corporation is something less. U. S. v. Dotterweich, supra, 320 U.S. at page 285, 64 S.Ct. 138.

From the facts now before the Court and from a review of the cases which have adopted the reasoning of the Dotterweich decision, United States v. Kaadt, 7 Cir., 171 F.2d 600; United States v. Parfait Powder Puff Co., 7 Cir., 163 F.2d 1008; United States v. Walsh, 331 U.S. 432, 67 S.Ct. 1283, 91 L.Ed. 1585; United States v. Bach, supra; Barnes v. United States, supra, it follows that the motion on the present state of the record must be and is denied, and

It is so ordered.