## The Spirella Company, Plaintiff in Error, v. William F. Pagels, Defendant in Error.

### Gen. No. 15,677.

FOREIGN CORPORATIONS—*when defense of doing business contrary to statute not sustained. Held,* that the trial court erred in refusing to hear this cause upon the merits, that there was no evidence showing that the plaintiff corporation had not complied with the statute and that it was doing business in this state in violation of the statute.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed June 29, 1911.

WINKLER, BAKER & HOLDER, for plaintiff in error; G. RAYMOND COLLINS, of counsel.

No appearance for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff in error, hereinafter called plaintiff, brought this action against the defendant in error, hereinafter called defendant, on an account stated for $45.95.    The defendant

by affidavit, under the rules of the Municipal Court, denied any account stated and denied that he had purchased any goods from the plaintiff; also defended on the ground the plaintiff was a foreign corporation doing business in this State without qualifying as provided under "An Act to regulate the admission of foreign corporations for profit to do business in the State of Illinois," in force July 1, 1905.

The cause was tried by the court without a jury. The court required the parties to first try the issues that the plaintiff was a foreign corporation doing business in this State without qualifying under the said statute. On these issues the court found for the defendant and thereupon held "that the evidence offered by the plaintiff as to the merits of the case was incompetent, irrelevant and immaterial;" refused to hear the same and entered judgment for the defendant.

There was no evidence of any nature tending to show that the plaintiff had not qualified under the said statute. Moreover, we do not think the evidence showed that the plaintiff was doing business in this State in violation of the said Act. Havens & Geddes Co. v. Diamond, 93 Ill. App. 557; Black-Clawson Co. v. Carlyle Paper Co., 133 Ill. App. 61; Kirven v. V.-C. Chemical Co., 145 Fed. Rep. 288; Atlas Engine Works v. Parkinson, 161 Fed. Rep. 223; Rearick v. Pennsylvania, 203 U. S. 507, and the many authorities cited in each of said cases.

The court was in error in holding that under the evidence the plaintiff had no right to maintain its action, and as the court improperly refused to hear the case on its merits, it must be remanded.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*