# Mangeldorf *v.* The State.

*Violating Oyster Law.*

Decided April 24, 1913. Rehearing denied June 6, 1913.
62 South. 373.)

. 1. *Commerce; Interstate; Burden Upon.*—Section 9, Acts 1911, p. 466, is not invalid as an interference with interstate commerce; property brought from without the state when it reaches its destination and comes to rest, ceases to be subject to interstate commerce, and is subject to taxation even though disposed of in original packages.

[Mangeldorf v. The State.]

2. *Fish and Oysters; License.*—Under sections 9 and 41, Acts 1911, p. 458, the non-payment of the tax fixed by section 9 is a misdemeanor, as no other provision is made for its enforcement.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

J. C. Mangeldorf was convicted of violating the act for the preservation of oysters, and he appeals. Affirmed.

WEBB & McALPINE, for appellant. The failure to pay the license is not a criminal act.—*Parker v. State,* 59 South. 319; *State v. Street,* 117 Ala. 203. When a statute creates an offense, it is strictly construed so as not to bring within its terms anything not clearly intended by the legislature. Under the facts in this case the oysters were articles of interstate commerce.—81 Atl. 511.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, and FRANCIS J. INGE, for appellee. The oysters had been delivered in the shop or store of appellant and had come to rest, and were hence, not subject to interstate commerce.—192 U. S. 500; 208 U. S. 472; 209 U. S. 211; 214 U. S. 218. Section 9 of the Act fixes the tax, and section 41 makes it a misdemeanor to fail to pay.—*Parker v. State,* 59 South. 319; *Appelgarth v. State,* 42 Atl. 941; *Foot & Co. v. Stanley,* 82 Atl. 380.

WALKER, P. J.—The charge made against the appellant in this case is based upon an alleged violation of the statute which was before us for consideration in the case of *State v. Parker,* 5 Ala. App. 231, 59 South. 741. That case presented the question of the constitutional validity of the requirement made by section 9 of the statute (Acts 1911, p. 458) that three cents per barrel be paid "on all oysters caught and taken from the

public reefs and private bedding grounds, for packing, canning, shipping or for sale;" while the present case presents the question of the constitutionality of that feature of the same section of the statute which makes the charge imposed by it applicable to "all oysters canned, packed, shipped, or sold in and from this state," and also the questions as to whether the conduct of the defendant which is shown by the agreed statement of facts constituted a violation of the last-mentioned provision, and as to whether the statute makes a violation of that provision of it a criminal offense.

The question of the constitutionality of the particular feature of the provision contained in section 9 which now is in question may be disposed of by referring to what was said in the opinion rendered in the *Parker Case*. The validity of that feature of the statute has not been questioned upon any additional ground. Indeed, there has been no such insistence in argument in this case upon the mere suggestion of the invalidity of the feature of the statute upon which this prosecution rests as to call for a discussion of that suggestion.

There is nothing in the terms of the provision in question to indicate that the Legislature in enacting it undertook to impose any charge or burden upon any act or transaction which is one of interstate commerce. The mere fact that the "oysters canned, packed, shipped, or sold in and from this state," upon which it is alleged that the exaction required by the statute had not been paid, had come into this state from beyond its borders, did not exempt them from the operation of the taxing and police powers of the state after they had ceased to be the subjects of interstate commerce by reaching their destination in this state and were there at rest, to be "canned, packed, shipped, or sold" when and as it suited the purposes of their owner. That some of the oys-

ters upon which the charge provided for by the statute
was not paid were by the defendant, in the course of his
business as an oyster dealer in Mobile, supplied to his
customers in the original cans in which they had been
shipped to him from Mississippi, did not affect the ques-
tion of their liability to that charge.—*American Steel &
Wire Co. v. Speed,* 192 U. S. 500, 24 Sup. Ct. 365, 48
L. Ed. 538; *Rearick v. Pennsylvania,* 203 U. S. 507, 513,
27 Sup. Ct. 159, 51 L. Ed. 295.

The effect of the particular provision of section 9 of
the statute which now is in question is to require the
charge which it prescribes to be paid on all oysters can-
ned, packed, or shipped for commercial purposes by the
person, firm, or corporation first marketing the same.
We are of opinion that this requirement is one which is
within the purview of the provision contained in section
41 of the statute : "That any person, firm or corporation
violating any of the provisions of this act not otherwise
specially provided for shall be guilty of a misdemeanor
and upon conviction shall be punished by a fine of not
less than $10.00 nor more than $100.00 for each offense."
It may be true, as is contended in the argument of the
counsel for the appellant, that it is not to be imputed
to the Legislature that it intended, by the enactment of
this section of the statute, to make it a criminal offense
to violate any provision whatsoever contained in the
statute, for example, as suggested in the argument, the
one requiring the commission to meet on the first Mon-
day in each month.   It is apparent that the persons,
firms, or corporations referred to in section 41 of the
act are those for whose conduct in dealings relating to
the sea-foods industry of the state it was a main purpose
of the statute to prescribe requirements and restrictions.
One of the principal regulations to which such persons,
firms, or corporations are made subject is the one which

[Minto v. The State.]

exacts the payment of the charge now under consideration. We think that the intention of the Legislature to make a violation of that provision a misdemeanor is plainly manifested by the language used in section 41 of the statute. The imposition of the penalty is the only method provided by the statute for securing a compliance with the requirement in question.

Affirmed.

