868

## CITY OF WINCHESTER v. LOHREY PACKING CO.

Court of Appeals of Kentucky.
March 16, 1951.

J. Smith Hays, William Hays, Winchester, for appellant.

Nicholas Bauer, John J. Dreyer, and Bauer & Dreyer, all of Cincinnati, Ohio, D. L. Pendleton, Sr., Winchester, for appellee.

SIMS, Justice.

This case involves the constitutionality of a license ordinance of the City of Winchester. The Chancellor held the ordinance, when applied to appellee, the Lohrey Packing Company, interfered with interstate commerce and violated the commerce clause, Article 1, Sec. 8, clause 3 of the Federal Constitution. The city appeals.

The company's petition avers it is an Ohio corporation engaged in the business of slaughtering and packing hogs in the City of Cincinnati, Ohio; that it employs an agent, who lives in the State of Kentucky to solicit meat orders in the City of Winchester and surrounding territory; that the orders obtained by this soliciting agent are sent to the company's office and plant in Ohio, where they are filled and subsequently delivered by the company in its own trucks to the respective purchasers in and about Winchester, Kentucky.

The petition further avers that the city duly enacted an ordinance which provides: "Each person, firm or corporation engaged in soliciting for sale, selling or delivering goods or merchandise of any kind at whole-

sale and not selling and delivering from truck simultaneously, but selling and then delivering into the city in their own conveyance shall pay an annual license tax as follows:"

Following this provision is set out the amount of the tax, which varies with the amount of the stock of the wholesaler and runs from $15 to $50 a year.

It is further averred in the petition the ordinance restricts interstate commerce in violation of the Constitution of the United States; that the city is attemping to enforce this ordinance against the company and has threatened to arrest the driver of its truck unless it pays the annual license provided in the ordinance; that unless the city is enjoined from enforcing the ordinance and from arresting its truck driver, the company will suffer irreparable damages. By an amended petition the company alleges all orders from customers in Kentucky are filed at the company's plant in Ohio; that most customers in Kentucky pay by check forwarded to the company in Ohio, but a few customers making small orders pay the company's truck driver upon delivery of the meat.

The city filed a general demurrer to the petition as amended and without waiving same filed an answer alleging it passed the ordinance in July 1935, and that KRS 92.280 authorized the city to impose license fees on trades, franchises, occupations and professions conducted within the corporate limits. The company demurred to the answer. The Chancellor overruled the city's demurrer to the petition and sustained the company's demurrer to the answer.

■ Since the pleadings show the agent of the company took orders for its meat in Winchester, which orders were forwarded to the company's plant in Ohio, there filled by it and shipped by the company in its truck from its place of business in Ohio to the purchaser in Kentucky, it is beyond cavil that the transaction was one in interstate commerce. The United States Supreme Court has so held in a long list of cases, many of which are cited and discussed in the leading case of Crenshaw v. State of Arkansas, 227 U.S. 389, 33 S.Ct.

294, 57 L.Ed. 565, where it is said that the imposition of such a license tax as attempted here by the city is an undue interference with interstate commerce. This court has so held as will be seen from reading Com. v. Baldwin, 96 S.W. 914, 29 Ky.Law Rep. 1074; Wagner v. City of Covington, 177 Ky. 385, 197 S.W. 806, 809. All the authorities make a distinction between orders taken in a state for goods to be filled by an out-of-state business and shipped into the state where the order was taken, and goods shipped into a state from a foreign state to be sold in the state into which they are shipped. The first instance is one of interstate commerce, while the second is not.

■ As to the city's argument that the payment for small orders was made direct to the truck driver and not forwarded to the company's office in Ohio, which showed the transaction was not one in interstate commerce, it was written in Real Silk Hosiery Mills v. City of Portland, 268 U.S. 325, 45 S.Ct. 525, 69 L.Ed 982, that the manner of payment was immaterial. When agents obtain orders for goods to be shipped from a foreign state to the purchaser in the state wherein the order was taken, the transaction is one in interstate commerce regardless of the fact that the goods may all be placed in one container and shipped to the agent for separation, distribution and collection of the purchase price. Caldwell v. State of North Carolina, 187 U.S. 622, 23 S.Ct. 229, 47 L.Ed. 336; Rearick v. Com. of Pennsylvania, 203 U.S. 507, 27 S.Ct. 159, 51 L.Ed. 295, 298.

■ The city is correct in its contention that one engaged in interstate commerce is not exempt from local taxation. The United States Supreme Court has said many times, "interstate commerce must pay its way," and that it is not the purpose of the commerce clause "to relieve those engaged in interstate commerce of their just share of state tax burdens, merely because an incidental or consequential effect of the tax is an increase in the cost of doing business". See McGoldrick v. Berwind-White Coal Mining Co., 309 U.S. 33, 60 S.Ct. 388, 392, 84 L.Ed. 565, 128 A.L.R.

870

876; Nippert v. City of Richmond, 327 U. S. 416, 66 S.Ct. 586, 590, 90 L.Ed. 760, 162 A.L.R. 844.

The McGoldrick opinion points out that a tax may be levied on the net income derived wholly from interstate commerce; also, that a non-discriminatory taxation of the instrumentalities of interstate commerce is not prohibited. The Nippert opinion condemns such a license tax as we have before us as being an undue burden upon interstate commerce—not on its face, but in its application. The court there reasoned, as we do here, that if every city in Kentucky enacted such an ordinance as has Winchester, then the foreign company would be prohibited from receiving orders from its solicitating agent, while a local business whose representative did not work other cities in this State would have all the advantage.

The McGoldrick case upheld a sales tax levy by New York City upon coal shipped into that city on the theory, as we understand it, that the coal had been transported to New York before the tax was actually applied, while in the Nippert case the tax was upon the solicitation of the order. This distinguishes the two cases.

The McGoldrick opinion did not depart from the firmly established rule that a tax on a drummer or soliciting agent representing an out-of-state company is putting an unreasonable burden upon interstate commerce, as was attempted to be made plain in the Nippert opinion.

■ The city lastly argues that as the company was a foreign corporation its petition should have averred it had qualified to do business in this State by complying with KRS 271.055(3). This section is practically the same as K.S. § 571, and this court held in Com. v. Hogan, McMorrow & Tieke Co., 74 S.W. 737, 25 Ky.Law Rep. 41, and Larkin v. Com., 172 Ky. 106, 189 S.W. 3, that section 571 did not apply to a company which only sent drummers or soliciting agents into Kentucky to obtain orders which were filled in a foreign state and then shipped into this State.

Judgment affirmed.