**CORDELL v. COMMONWEALTH, for Use and Benefit of CITY OF PRESTONS- BURG.**

**NOBLETT v. COMMONWEALTH, for Use and Benefit of CITY OF PRESTONS- BURG.**

**LIGHTS v. COMMONWEALTH, for Use and Benefit of CITY OF PRESTONSBURG.**

Court of Appeals of Kentucky.

Jan. 23, 1953.

Joseph D. Harkins, Jr., Prestonsburg, for appellants.

W. W. Burchett and S. C. Ferguson, Prestonsburg, for appellee.

DUNCAN, Justice.

These consolidated appeals challenge the validity of an ordinance enacted by the city council of the city of Prestonsburg. The ordinance imposes a license tax upon all persons, other than those having an established business within the city, who engage temporarily in the sale of goods, wares, or merchandise, including photographs.

The appellants, as agents for Olan Mills, Inc., came into Prestonsburg and took orders for photographs. Upon taking the

order, the agent delivers to the customer a coupon, which amounts to an acceptance of the order, and collects 50 cents, representing one-half of the price of the picture. The orders are transmitted by mail to the home office of the studio in Chattanooga, Tennessee. At a later date, a second agent of the studio, accompanied by a cameraman, takes the pictures in Prestonsburg and collects the remaining 50 cents of the purchase price. Proofs are developed at the home office in Chattanooga, and after development, are returned to the customer by a third representative of the studio. The picture or pictures desired are selected from the proofs, and after final processing and development the photograph originally ordered, together with such additional copies as may have been ordered after examination of the proofs, are sent to the customer by mail from Chattanooga. It is insisted by appellants that the transactions enumerated involve interstate commerce and that the ordinance as applied to appellants contravenes Article I, Sec. 8, Clause 3, of the Federal Constitution, commonly known as the commerce clause.

The clause in question declares that Congress shall have power "To regulate Commerce with foreign Nations, and among the several States". Beginning with Robbins v. Shelby County Taxing District, 1887, 120 U.S. 489, 7 S.Ct. 592, 30 L.Ed. 697, 1 Inters.Com.Rep. 45, the U. S. Supreme Court has repeatedly held in a long line of what are known as the "drummer decisions" that a state statute or municipal ordinance imposing a tax on or requiring a license for sale of, or solicitation of orders for goods, constitutes an unlawful interference with interstate commerce as applied to solicitation of orders for goods not within the state at the time but to be subsequently delivered to the customer from another state. It was suggested by the Supreme Court in Nippert v. City of Richmond, 327 U.S. 416, 66 S.Ct. 586, 90 L.Ed. 760, 162 A.L.R. 844, that because of the cumulative burden which might be imposed upon interstate commerce there is more reason to condemn municipal ordinances as unconstitutional than there is in the case of statutes. This court, without a single exception, has followed the rule established by the Supreme Court. Com. v. Baldwin, 96 S.W. 914, 29 Ky.Law Rep. 1074; Wagner v. City of Covington, 177 Ky. 385, 197 S.W. 806; City of Winchester v. Lohrey Packing Co., Ky., 237 S.W.2d 868.

It is now becoming generally recognized that one engaged in interstate commerce is not always exempt from local taxation, and the right of a state or municipality to regulate interstate transactions in the exercise of its general police power has always been recognized. It is only undue or discriminatory burdens upon commerce which are forbidden. Although interstate commerce must pay its way, a state or municipality, consistently with the commerce clause, cannot put a barrier around its borders to bar trade from other States.

We have no trouble in concluding that the transactions detailed here are in interstate commerce. What is referred to as "the sale of a coupon" was in fact nothing more than the acceptance of an order for a product which was to be ultimately processed and developed in another state and delivered to the purchaser in this state. It is true the orders are received and the photographs are taken in this state, but the mere presence of some local incident or incidents is not sufficient to sustain the tax. As pointed out by the Supreme Court in the case of Nippert v. City of Richmond, supra, it is difficult to conceive of a situation in which some incident of an interstate transaction does not take place within the taxing state. If a local transaction could be segregated and made the fulcrum of the tax, the commerce clause could be rendered meaningless.

Appellee relies upon the case of Lucas v. City of Charlotte, 4 Cir., 86 F.2d 394, 109 A.L.R. 297. Although that case seems to support appellee's position that the transactions here involved were not in interstate commerce, we do not regard that case as being in harmony with the pronouncements of this Court and the U. S. Supreme Court.

This leaves for decision the question of whether or not the ordinance in

question is an undue or discriminatory burden on commerce. Although either feature would be fatal to its constitutionality, it appears to possess both elements. The tax is $200 a year or $10 per day. The cumulative effect of such a tax, if adopted by a substantial number of municipalities, would not only lay an undue burden on the business involved, but might conceivably destroy the right to engage in a legitimate business beyond the borders of a particular state.

There is not even an effort to conceal the discriminatory feature of the ordinance. By its express terms, it excludes from its provisions all persons having an established business in the city. It is apparent that the ordinance is designed to hamper or destroy competition with local business.

For the reasons indicated, we conclude that the ordinance in question is unconstitutional in its application to the appellants.

The motions for appeals are sustained and the judgments are reversed for proceedings consistent with this opinion.