**OLAN MILLS, Inc.**

**v.**

**CITY OF ELIZABETHTOWN et al.**

Court of Appeals of Kentucky.

June 25, 1954.

Redwine & Redwine, Winchester, J. E. Wise, Elizabethtown, Joe Van Derveer, Chattanooga, Tenn., for appellant.

Floyd K. Hollan, Elizabethtown, for appellees.

STEWART, Justice.

The only question presented on this appeal is whether an ordinance, enacted by the city council of Elizabethtown, imposes an undue and discriminatory burden upon interstate commerce in violation of Article I, § 8, Clause 3 of the Constitution of the United States, commonly known as the "commerce clause," and is therefore unenforceable as to appellant, a nonresident corporation doing business in Kentucky. When we employ the term, "nonresident" in this opinion, we refer in each instance to a person having his or its situs out of the state.

The ordinance imposes a license fee of $20 per year upon anyone who solicits in the above city "from house to house for photographs and for magazine subscriptions." It applies equally to residents and nonresidents. The ordinance also requires each applicant for such license to "register his or her name, address, name of employer and furnish such personal data as may be reasonably required by the Police Department before license is issued." The record before us furnishes only the license provision of the ordinance and we are left in the dark as to whether a penalty is im-

posed for noncompliance with its terms. Usually, criminal sanction is prescribed for the violation of an ordinance of this type.

Appellant filed its petition in equity, alleging that the enforcement of the ordinance against it would contravene the commerce clause of the Federal Constitution. Appellee's demurrer to the petition was sustained, and, upon appellant's failure to plead further, the petition was dismissed. This appeal challenges the ruling of the lower court.

The averments in the petition which appellee's demurrer admits to be true are as follows:

"Olan Mills' agents and employees come into Elizabethtown and solicit orders for photographs. Upon taking the order, the solicitor gives the customer a coupon which amounts to acceptance of the order and collects from him fifty cents, which is one-half of the price of the picture. The orders are transmitted by mail to Olan Mills' studios at Chattanooga, Tennessee. At a later date a second agent of Olan Mills, the cameraman, takes the picture to Elizabethtown and collects the remaining fifty cents of the purchase price. Negatives are developed at Chattanooga, and the proofs therefrom are returned to the customer by a third agent of the studio, the proof passer. The customer then selects the picture or pictures desired, and after final processing, the one photograph originally ordered, plus such additional ones as are ordered, are sent to the customer by mail from Chattanooga. Any balance due by the customer is paid cash on delivery. No part of the processing, developing, or finishing is carried on in Elizabethtown."

This appeal involves transactions identical with those found in the recent case of Cordell v. Commonwealth, Ky., 254 S.W. 2d 484, and in that opinion we held such activities are interstate commerce. Appellee attempts to distinguish the Cordell case from the present one by pointing out that in the foregoing opinion we held the

ordinance was discriminatory, since it was aimed exclusively at nonresidents. However, a careful reading of the Cordell decision indicates that the ordinance there failed for two reasons: (1) It placed an undue burden upon interstate commerce; and (2) it was also discriminatory.

It is contended the license under scrutiny is not burdensome because it is reasonable in amount and it is not discriminatory because it applies to all solicitors, whether they are soliciting for local or for interstate business. The ordinance imposing the license is not to be judged on its face, but it is the operation of the tax, actual and potential, that is determinative of its true nature.

The incidence of the tax is not the same for residents and nonresidents. It applies equally to the casual out-of-state operator making a single sale of the article subject to the license ordinance as well as to the established merchant engaging continuously in selling the same commodity throughout the year. Thus, the small, occasional, nonresident solicitor who takes orders for a single specialized product will find the tax not only burdensome but prohibitive, with the result that commercial activity upon his part is stopped before it is begun. On the other hand, one maintaining a local place of business where he deals in a variety of goods and wares is practically unaffected by the imposition of the tax. Unquestionably, the tax affects more heavily the out-of-state seller than the local one. We therefore conclude the license imposes actual discriminatory effects in its practical application, although on its face it purports to treat all persons equally.

The potential excluding result of the tax becomes apparent when it is realized that the license is a municipal tax and not one imposed by the Legislature for uniform application throughout the state. The cumulative effect of flat municipal taxes laid in succession upon a nonresident salesman as he passes from town to town is obviously greater than that of any tax of

state-wide application likely to be laid by the Legislature itself. The out-of-state itinerant whose business requires him to move from place to place, exhausting his market at each periodic visit, would find that Elizabethtown type of tax, if it existed in each city, eating away all possible return from his sales. It is evident that such a cumulative burden would constitute an absolute interstate trade barrier. In City of Winchester v. Lohrey Packing Co., Ky., 237 S.W.2d 868, we condemned a tax of this character because of the possibility that it could be multiplied many fold throughout the state.

For the foregoing reasons, the tax involved is a regulation of, and a burden upon, interstate commerce prohibited by the commerce clause of the Federal Constitution. See Nippert v. Richmond, 327 U.S. 416, 66 S.Ct. 586, 90 L.Ed. 760, 162 A.L.R. 844.

Wherefore, the judgment is reversed with directions that it be set aside and a new one entered declaring the ordinance void to the extent that it applies to persons engaged in interstate commerce.

CAMMACK, J., dissenting.