**OLAN MILLS, Inc., a Tennessee Corporation, Appellant,**

v.

**CITY OF MAYSVILLE, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 29, 1954.

M. C. Redwine, Jr., Redwine & Redwine, Winchester, D. Bernard Coughlin, Maysville, for appellant.

M. Hargett, Maysville, for appellees.

STEWART, Chief Justice.

This action attacks the validity of an ordinance of the City of Maysville, enacted in 1953, by the terms of which that municipality imposed an annual license fee of $35 on any resident, transient or itinerant person, firm or corporation engaging in the occupation or profession of commercial photography, or any business related thereto in whole or part, within the corporate limits. The ordinance also imposed an additional license fee of $25 per day on each "outside solicitor or salesperson" and further required an indemnity bond of $1000 of each person, firm or corporation before so engaging in the business above described.

Whether the ordinance can be enforced against the photographers, solicitors, and employees of appellant, Olan Mills, Inc., a Tennessee corporation, is the single issue involved in this appeal. It was claimed below that the ordinance imposes an undue and discriminatory burden upon interstate commerce in violation of Article I, Section 8, Clause 3 of the Constitution of the United States, commonly known as the "commerce clause," and is therefore unenforceable as to appellant, a nonresident corporation doing business in Kentucky. The chancellor refused the injunctive relief sought by appellant against appellee to enjoin the enforcement of the ordinance against it and its employees.

The facts in this case, except as to the cities where the business in controversy was undertaken to be carried on, are identical with those set forth in detail in Olan Mills, Inc., v. City of Elizabethtown, etc., Ky., 269 S.W.2d 201, and Cordell v. Commonwealth, Ky., 254 S.W.2d 484, and reference is made to these two cases for the factual background applicable to the case at bar.

In the opinion handed down in the City of Elizabethtown case this Court declared, and set forth the reasons why, the tax attempted to be enforced there, which is the same kind of tax involved in this appeal, cannot be imposed upon a nonresident, the reason being that it is a regulation of, and a burden upon, interstate commerce which is prohibited by the commerce clause of the Federal Constitution.

The City of Elizabethtown case fully discusses and decides the question before us and we deem it unnecessary to repeat here what was written there, and on the authority of that case we conclude appellant was entitled to the injunctive relief it sought.

Wherefore, the judgment is reversed with directions that it be set aside and a new one entered declaring the ordinance void to the extent that it applies to appellant and any nonresident person, firm or corporation engaged in interstate commerce in the City of Maysville.

CAMMACK, J., dissenting.